## STRUCK BY A CAR AT A STREET CROSSING.

Circuit Court of Hamilton County.

CINCINNATI TRACTION COMPANY v. ALBERT H. JOHNSON.

Decided, January 14, 1911.

*Negligence—Degree of Care Required of a Street Car Company and Pedestrians at Street Crossings—Charge of Court—Ordinary Care—Burden of Proving Contributory Negligence.*

In an action against an electric street railway company for damages to a pedestrian from being struck by a car at a street crossing, it is error prejudicial to the company to charge the jury that "if you find from the evidence that the defendant company through its servants used ordinary care, doing everything in its power to avoid an accident, plaintiff can not recover; but if it did not do this, but could in the exercise of ordinary care have avoided injuring him, plaintiff having exercised ordinary care, then he can recover."

*Rufus B. Smith* and *Chas. A. Groom,* for the plaintiff in error.

*Matthews & Matthews* and *Stricker & Johnson,* contra.

GIFFEN, P. J.; SMITH, J., and SWING, J., concur.

The plaintiff below, Albert H. Johnson, was injured at a street crossing, while walking from behind a south-bound car toward and near the north-bound track, by a car running northwardly on that track.

Counsel complain of the following part of the general charge:

"The burden of proving contributory negligence on the part of the plaintiff, is upon the defendant, with this qualification, that if the evidence introduced by the plaintiff as to the circumstances under which his injuries were received, fairly raises a presumption in your mind that he was guilty of contributory negligence, then the burden is upon him to remove that presumption. If no presumption arises, the burden remains on the defendant."

The objection is aimed at the use of the word *fairly,* the claim being that it means *clearly* and that the charge requires a *clear*

presumption of contributory negligence; but we think that it was used in the same sense as *reasonably* or measurably and was so understood by the jury, who were not therefore misled.

The court further charged the jury as follows:

"If you find from the evidence that the defendant company through its servants used ordinary care, doing everything in its power to avoid an accident, plaintiff can not recover; but if it did not do this, but could in the exercise of ordinary care have avoided injuring him, plaintiff having exercised ordinary care, then he can recover."

This was in effect telling the jury that ordinary care on the part of the defendant consisted in doing everything in its power to avoid an accident and was clearly erroneous.

It is true that the court elsewhere properly defines ordinary care; but the jury would nevertheless be justified in following this instruction and probably did, as the plaintiff's own testimony came so near raising a presumption of contributory negligence. Indeed his amended petition raises a presumption of contributory negligence where he avers "that immediately after crossing over said south-bound track and stepping upon the space interventing between said south and north-bound tracks, which space was about three feet wide, plaintiff stopped to look and listen, to ascertain if any car was approaching upon said north-bound track, when * * * before plaintiff could step back and get out of the way of said approaching car, he was struck by the front and sides of said car."

This is an admission by the plaintiff that it was his duty, under the circumstances, to look and listen; but it availed him nothing to look or listen after he had advanced so far and stopped in a place of known danger. If he recognized the danger of the situation and his duty to look for an approaching car on the north-bound track, which this averment as well as his evidence seem to imply, he could, by looking at the proper time, have avoided the accident, and should have done so. He testifies however that he did not stop but looked while walking.

We think therefore that this instruction not only imposed the highest degree of care upon the defendant but tended to lessen that which was required of the plaintiff.

The court further charged the jury on the subject of ordinary care as follows:

"You must further determine whether the servants of the company used ordinary care in approaching said crossing from all the evidence, including the rule of the company which orders that when passing standing cars the gong must be rung and the cars must be under complete control."

This instruction does not mean, as counsel contends, that ordinary care required the company to have its car under complete control when passing standing cars, but it does mean that the rule of the company so required, and that the jury could consider that rule along with the other evidence in determining ordinary care.  There was no error in thus charging the jury.

The third special instruction requested by the defendant to be given to the jury was properly refused by the court upon the authority of *Street Ry. Co.* v. *Snell,* 54 O. S., 197.

The second special instruction is as follows:

"If the jury find from the evidence that the plaintiff attempted to cross Montgomery avenue at a point between squares directly behind a south moving car, and after passing the back of the south moving car did nothing to inform himself as to whether a car might not be approaching from the opposite direction on the track which he intended to cross, but stepped immediately in the way of the approaching car so that it was impossible for the motorman to have stopped the car and have avoided the accident, the jury should find for the defendant."

While the word "squares" does not express the meaning intended, it seems to us immaterial whether the plaintiff was passing over a crossing or between crossings, as he would not in either case be exercising care if he did nothing to inform himself as to whether a car might not be approaching.  The instruction, however, is substantially the same as the first special instruction which the court gave to the jury, hence there was no error or prejudice in refusing it.

In considering the weight of the evidence we do not find it insufficient in the particular claimed by counsel; but it is so with reference to due care on the part of plaintiff.  The precision with which he sets forth in his amended petition the times and places

of listening and looking for an approaching car, and the like precision with which he testifies to the same acts, leave little doubt that he saw the car in time to avoid injury. The only possible excuse suggested is the sudden appearance of the north-bound car running at a high rate of speed as he emerged from behind the south-bound car, and the confusion resulting to one who assumed that if any car was coming it would be at a lawful rate of speed; but giving due weight to all the facts in the case we are still of the opinion that he was guilty of contributory negligence although not so as matter of law, and that the court erred in not granting a new trial for that reason as well as error in the charge.

The judgment will therefore be reversed, and the cause remanded for a new trial.